UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

NATHURLON D. JONES, Sr.,

        Plaintiff,

-against-

LONG ISLAND COLLEGE HOSPITAL,

        Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-2194 (NG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 19 2005 ★
P.M. _____
TIME A.M. _____

**GERSHON, United States District Judge**:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C § 1983, alleging that defendant Long Island College Hospital violated his "constitutional right to freedom of religion" when doctors at the hospital circumcised his two sons without asking his permission. Compl. ¶¶ IV-V. Plaintiff seeks $26 million in damages. Id. ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

## DISCUSSION

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding pro se, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

Plaintiff's complaint fails to state a claim upon which relief may be granted as defendant

is not a state actor. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendant is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50.

Here, defendant is a private hospital,[1] which does not act under color of state law for § 1983 purposes. See, e.g., Blum v. Yaretsky, 457 U.S. 991 (1982); Schlein v. Milford Hosp., Inc., 561 F.2d 427 (2d Cir. 1977); Thomas v. Beth Israel Hosp., Inc., 710 F. Supp. 935 (S.D.N.Y. 1989). Thus, plaintiff's claim against defendant is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915A(b)(1). Further, the Court notes that plaintiff has filed three prior actions in this Court, all of which have been dismissed pursuant to 28 U.S.C. § 1915A. See Jones v. United States Postal Servs., No. 03-CV-6170 (NG), slip op. at 2 (E.D.N.Y. Dec. 10, 2004); Jones v. N.Y.C. Police Dep't Pct.-#70, et al., No. 03-CV-

---

[1] Plaintiff does not name the individual employees of the hospital who allegedly violated his constitutional rights; however, even if plaintiff did so, there still would be no state action for purposes of § 1983.

2

5704 (NG), slip op. at 1 (E.D.N.Y. Feb. 20, 2004); Jones v. Mayor Bloomberg, No. 03-CV-5478 (NG), slip op. at 3 (E.D.N.Y. Nov. 24, 2003). By order dated December 10, 2004, this Court cautioned plaintiff that if he filed another complaint lacking in merit, "any future *in forma pauperis* complaint may be barred under 28 U.S.C. § 1915(g)."[2] Jones v. United States Postal Servs., No. 03-CV-6170 (NG), slip op. at 2-3 (E.D.N.Y. Dec. 10, 2004). Plaintiff has not heeded the Court's warning.

Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this Order why the Court should not bar the acceptance of any future complaints for filing unless plaintiff demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If plaintiff fails to show cause within the time allotted, judgment shall enter and plaintiff shall be barred from filing any future complaint without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 17, 2005

/s/
NINA GERSHON
**United States District Judge**

---

[2] The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), signed into law on April 26, 1996, amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to include the following provision:

> "In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g)."

3